United States v. Dougher

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of January, two thousand twelve.

PRESENT: DENNIS JACOBS,
                            *Chief Judge*,
                RICHARD C. WESLEY,
                SUSAN L. CARNEY,
                            *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,

        *Appellee*,

        -v.-                                10-5089

ANNE FOSTER, JORDAN DOUGHER, AKA RED,

        *Defendants*,

JESSE DOUGHER,

        *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANT:**                  Marjorie M. Smith
Piermont, NY


**FOR APPELLEE:**                  Paul J. Van de Graaf, Gregory L.
Waples, Assistant United States
Attorneys, <u>for</u> Tristram J.
Coffin, United States Attorney,
District of Vermont,
Burlington, VT

     Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, <u>C.J.</u>).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's judgment is **AFFIRMED**.

     Jesse Dougher appeals from a 145-month sentence of imprisonment entered in the United States District Court for the District of Vermont following his plea of guilty to conspiracy to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(a)(1). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

     Dougher argues that the sentence was substantively unreasonable. We review substantive reasonableness under an abuse of discretion standard. <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007). We will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." <u>United States v. Cavera</u>, 550 F.3d 180, 189 (2d Cir. 2008) (<u>in banc</u>) (internal quotation marks omitted). The substantive unreasonableness standard thus "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." <u>United States v. Rigas</u>, 583 F.3d 108, 123 (2d Cir. 2009).

     The district court did not abuse its discretion, given the duration of the conspiracy, the quantity of drugs involved, and the death caused by heroin supplied by

2

Dougher. Dougher argues that the district court erred by not explaining why a shorter prison sentence would have been insufficient; but a court is not required to specifically discuss consideration of possible alternative sentences. See United States v. Fleming, 397 F.3d 95, 100 (2d Cir. 2005). Finally, the 145-month sentence is within the Guidelines range. "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006).

We have considered Dougher's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.


                                  FOR THE COURT:
                                  CATHERINE O'HAGAN WOLFE, CLERK

3